IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DIMAS MALDONADO MEDINA, § § *Petitioner*, § § v. § § PAM BONDI, in her official capacity as § Attorney General of the United States; § ALEXANDER SANCHEZ, in his official § capacity as Co-Associate Warden of the IAH § Secure Adult Detention Center; TODD § LYONS, in his official capacity as Acting § Director of Immigration and Customs § Enforcement; PAUL MCBRIDE, in his official § capacity as Field Office Director of ICE § Enforcement and Removal Operations Houston § Field Office; and KRISTI NOEM, in her § official capacity as Secretary of the Department § of Homeland Security, § § *Respondents*. § | CIVIL ACTION NO. 9:26-CV-00020 JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Dimas Maldonado Medina (Maldonado)'s Amended Petition for Writ of Habeas Corpus (the Petition) [Dkt. 12]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Dimas Maldonado Medina is a Mexican national who arrived in the United States illegally as a child in 2002. [Dkt. 12 at ¶ 55]. On October 14, 2025, United States Immigration and Customs Enforcement (ICE) detained Maldonado following a traffic stop. *Id.* at ¶ 58.

On January 9, 2026, Maldonado brought this habeas corpus action in the Southern District of Texas. [Dkt. 1]. On January 14, 2026, Maldonado's case was transferred to this Court. [Dkt. 11]. Maldonado filed this Petition on March 4, 2026, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 12 at ¶ 71.]

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Maldonado argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. [Dkt. 12 at ¶ 71]. Even if Maldonado is correct, he is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Maldonado's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide him with a bond hearing. *See* [Dkt. 1 at 20–21]. Maldonado's unlawful entry into the United States and continued unlawful presence in the country are unquestionably valid grounds for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Maldonado's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

2

custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Maldonado's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Maldonado's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Maldonado's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Maldonado to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Maldonado's Amended Petition for Writ of Habeas Corpus [Dkt. 12] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of March, 2026.**

Michael J. Truncale
United States District Judge